UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Treli Sessions, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case No.: 4:18-cv-03306-SAL |
| v. | ) ) | |
| State Farm Mutual Automobile Insurance Company, | ) ) ) ) | **OPINION AND ORDER** |
| Defendant. | ) ) | |

This matter is before the Court on the parties' cross-motions for summary judgment. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed its Motion for Summary Judgment, ECF No. 18, on May 10, 2019. Plaintiff Treli Sessions ("Mr. Sessions") filed his Motion for Summary Judgment, ECF No. 19, on May 16, 2019. Both motions have been fully briefed, and each is ripe for the Court's consideration.

## **BACKGROUND**

The following facts have been stipulated by the parties. ECF No. 18-2. On January 25, 2017, Mr. Sessions was involved in a car accident in Williamsburg County, South Carolina. At the time of the accident, Mr. Sessions was occupying a tractor-trailer owned by his employer, T&D Logging. Neither Mr. Sessions, nor any of his resident relatives, owned a vehicle involved in the accident. At the time of the accident, Mr. Sessions was a named insured or a resident relative with respect to seven (7) insurance policies issued by State Farm.[1] Each policy provided for underinsured motorist ("UIM") coverage, and of these, the highest UIM policy limit was $100,000. All seven (7) insurance contracts contained the following language:

---

[1] Policy Nos. 4896-453-40; 4355947B2340; 4190748; 550-7689-E26-40; 4680726-D15-40; 5637714; and 5021324.

    3.    If:

        a. you or any resident relative sustains bodily injury or property damage:
          (1) while occupying a motor vehicle not owned by you or any resident relative; or
          (2) while not occupying a motor vehicle; and

        b. Underinsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to you or any resident relative by the State Farm Companies apply to the same bodily injury or property damage, then

        the maximum amount that may be paid from all such policies combined is the single highest limit provided by any one of the policies. We may choose one or more policies from which to make payment.

Following the accident, Mr. Sessions made a claim on the policies seeking UIM coverage. State Farm tendered $100,000 to Mr. Sessions under policy number 4896-453-40. Mr. Sessions then made a claim for underinsured motorist coverage with respect to the remaining six (6) policies, and State Farm denied coverage on the ground that plaintiff was not occupying a vehicle owned by him or a resident relative at the time of the accident, and no vehicle owned by him or a resident relative was involved in the accident.

Mr. Sessions filed this action in state court seeking damages for breach of contract and a declaration that Mr. Sessions is entitled to coverage under the six (6) insurance policies on which State Farm denied payment. State Farm timely removed the case to this Court, and the parties have each moved for summary judgment under Fed. R. Civ. P. 56.

## **SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material

fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## **DISCUSSION**

Resolution of this case turns on the interpretation of unambiguous language in the insurance policies at issue, and whether that language is void as an offensive limitation on the portability of UIM coverage.

### I. The Policies Unambiguously Deny Plaintiff the Right to Recover More than $100,000.

The policies dictate that if Mr. Sessions sustained bodily injury or property damage "while occupying a motor vehicle not owned by [him] or any resident relative[,]" and more than

3

one State Farm policy would otherwise provide coverage, "the maximum amount that may be paid from all such policies" would be equal to the highest limit provided by any one of the policies.

The parties agree that Mr. Sessions was not occupying a motor vehicle owned by him or any resident relative at the time of the accident. Accordingly, the policies provide that the maximum amount payable to Mr. Sessions is equal to the highest UIM limit of any single State Farm policy, or $100,000. The parties agree that State Farm has already tendered $100,000 to Mr. Sessions.

Mr. Sessions does not dispute the foregoing conclusion regarding what the policies provide. Instead, he argues that this case does not involve an admittedly permissible limitation on *stacking*, ECF No. 19 at 3, but rather an impermissible limitation on *portability*. He contends that under *Nationwide Mut. Ins. Co. v. Rhoden*, 398 S.C. 393, 278 S.E.2d 477 (2012) and *Burgess v. Nationwide Mut. Ins. Co.*, 373 S.C. 37, 644 S.E.2d 40 (2007), the policy limitation is void as offensive to South Carolina's public policy that UIM coverage is personal and portable.

**II.     The Relevant Policy Provisions Limit Stacking, not Portability.**

Plaintiff concedes that if this is a stacking case, the policy provision is enforceable. He contends, however, that under *Burgess* and *Rhoden*, this is a portability case.

Stacking is defined as "the insured's recovery of damages under more than one policy until all of his damages are satisfied or the limits of all available policies are met." *Giles v. Whitaker,* 297 S.C. 267, 376 S.E.2d 278 (1989). On the other hand, portability refers to coverage "follow[ing] the individual insured and not the insured vehicle." *Burgess v. Nationwide Mut. Ins. Co.*, 373 S.C. 37, 40, 644 S.E.2d 40, 42 (2007) (citing *Hogan v. Home Ins. Co.,* 260 S.C. 157, 162, 194 S.E.2d 890, 892 (1973)).

Here, Plaintiff is seeking to stack UIM coverage. Mr. Sessions wishes to recover damages "under more than one policy", *i.e.*, the policy under which he already received payment plus the six (6) remaining policies, "until all of his damages are satisfied or the limits of all available policies are met." Plaintiff asserts that stacking only occurs in the case of recovery under a *single* policy insuring multiple vehicles, as opposed to recovering under *multiple* policies, which he considers porting. This argument is misplaced. The *Giles* definition of stacking refers to stacking as recovery "under more than one policy." The *Burgess* decision also implies that Plaintiff's argument fails. *See Burgess*, 373 S.C. at 42, 644 S.E.2d at 41 n.1 (noting that the plaintiff's attempt to reach three $25,000 UIM limits on at-home vehicles was not an attempt to stack under *Giles*, because all three vehicles were insured under one policy).

Plaintiff also relies on *Rhoden* in support of the argument that this is a portability and not a stacking case. *Rhoden*, however, reiterated the *Giles* definition of stacking, which is applicable to the case at bar. *See Rhoden*, 398 S.C. at 400, 278 S.E.2d at 481 n.3. Further, the facts of *Rhoden* did not involve stacking under the *Giles* definition insofar as the insureds only sought recovery under a single policy. The opinion of the lower court described the only policy limit under which respondents sought coverage: "[respondent's] policy provided UIM coverage in the amounts of $15,000 per person and $30,000 per occurrence." *Nationwide Mut. Ins. Co. v. Rhoden*, 387 S.C. 194, 197, 691 S.E.2d 487, 488 (Ct. App. 2010), *aff'd*, 398 S.C. 393, 728 S.E.2d 477 (2012).

In addition, *Rhoden* involved policy language dissimilar in effect than the language at issue in this case. *Compare Rhoden*, 398 S.C. at 397, 728 S.E.2d at 479, *with* ECF No. 18-2. In *Rhoden*, the policy provided that in the event of an accident involving a vehicle owned by the named insured or a resident relative (but not the vehicle described in the policy), the UIM coverage was both excess and only available to the extent of UIM coverage on the vehicle

5

involved in the accident. *See id.* at 397, 728 S.E.2d at 479. Accordingly, UIM recovery was eliminated for two passengers under the terms of a policy covering at-home vehicles, simply because of a resident relative's decision to not purchase UIM coverage for the vehicle involved in the accident. *See id.* at 396-97, 728 S.E.2d at 479. *Rhoden* was primarily concerned with the denial of coverage for reasons beyond the passengers' control. Indeed, the court also held that the owner of the vehicle who chose not to purchase UIM coverage could not import coverage. *Id.* at 399, 728 S.E.2d at 480 (citing *Burgess*, 373 S.C. at 41, 644 S.E.2d at 42)

The language of the policies at issue here limits *stacking*, not *portability*, because it only operates to prevent Mr. Sessions from recovering under the limits of the remaining six (6) State Farm policies. The facts before the Court, viewed in the light most favorable to Plaintiff, do not give rise to any genuine portability limitation issue like the one resolved by *Rhoden*.

**III. The Stacking Limitation in the Policies is not only Permissible, but Mandated Under the Statutes and Public Policy of South Carolina.**

Under South Carolina law, insurers "have the right to limit their liability and to impose whatever conditions they desire upon an insured, provided they are not in contravention of some statutory inhibition or public policy." *Pennsylvania Nat. Mut. Cas. Ins. Co. v. Parker*, 282 S.C. 546, 550–51, 320 S.E.2d 458, 461 (Ct. App. 1984) (citations omitted).

South Carolina has a well-settled public policy that UIM coverage is "personal and portable." *E.g.*, *Rhoden*, 398 S.C. at 396, 728 S.E.2d at 479. This case, however, does not involve policy language that restricts the portability of Mr. Sessions' UIM coverage. This case involves whether he is permitted to stack UIM coverage when the applicable policies, as well as the South Carolina UIM statute, S.C. Code Ann. § 38-77-160, limit his ability to do so.

Plaintiff concedes that if this case involves a question of stacking, S.C. Code Ann. § 38-77-160, in conjunction with the policy language, "would limit the Plaintiff to coverage under only one" of the vehicles. ECF No. 19 at 3. The pertinent section of that statute provides

6

> Automobile insurance carriers shall offer, at the option of the insured, uninsured motorist coverage up to the limits of the insured's liability coverage in addition to the mandatory coverage prescribed by Section 38-77-150. Such carriers shall also offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist or in excess of any damages cap or limitation imposed by statute. If, however, an insured or named insured is protected by uninsured or underinsured motorist coverage in excess of the basic limits, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. If none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage. Benefits paid pursuant to this section are not subject to subrogation and assignment.

S.C. Code Ann. § 38-77-160.

Whether or not an insured may stack coverage under this statute turns on whether he or she is a Class I or Class II insured. Class I insureds consist of insureds and named insureds who had a vehicle involved in the accident. *See South Carolina Farm Bureau Mut. Ins. Co. v. Mooneyham,* 304 S.C. 442, 442, 405 S.E.2d 396, 397 n.1 (1991). Class II, on the other hand, includes insureds who did not have a vehicle involved in the accident. *See Mangum v. Maryland Cas. Co.*. 330 S.C. 573, 576, 500 S.E.2d 125, 127 (Ct. App. 1998). Only Class I insureds are entitled to stack coverage. *Fireman's Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 295 S.C. 538, 545, 370 S.E.2d 85, 89 (1988).

The parties agree that Mr. Sessions was not occupying his own vehicle or that of any resident relative during the accident, and that none of Mr. Sessions' resident relatives had a vehicle involved in the accident. ECF No. 18-2. Mr. Sessions is a Class II insured with respect to the policies, and is, therefore, not entitled to stack under S.C. Code Ann. § 38-77-160.

## **CONCLUSION**

Viewing the evidence in the light most favorable to Plaintiff, there are no genuine issues of material fact, and Defendant is entitled to judgment as a matter of law. For the foregoing

reasons, Defendant State Farm's Motion for Summary Judgment, ECF No. 18, is GRANTED and Plaintiff Treli Sessions' Motion for Summary Judgment, ECF No. 19, is DENIED. The Court further DECLARES that, with respect to the accident between Plaintiff Treli Sessions and non-party to this action Melvy D. Cribb on January 25, 2017, in Williamsburg County, Plaintiff is entitled to an amount of UIM coverage not in excess of $100,000 under the seven (7) policies described herein, which amount has already been tendered to Plaintiff.

    IT IS SO ORDERED.

March 3, 2020
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge